UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:

SARAH DIANE PECORARO,                                Case No. 8:26-bk-00427-CED
                                                     Chapter 13

        Debtor.*

_____/

## DEBTOR'S OBJECTION TO
## CLAIM NO. 1 OF HOMETAP HEI FUND IV SPV II, LLC

---

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper, you must file a response with the Clerk of Court at 801 North Florida Avenue, Suite 555, Tampa, FL 33602-3899, and serve a copy on the movant's attorney, Charles G. Moore, Esq., 1700 - 66th Street North, Suite 405, St. Petersburg, FL 33710, within 30 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

---

        SARAH DIANE PECORARO (the "Debtor"), by and through undersigned counsel, files this Objection to Claim No. 1 of Hometap HEI Fund IV SPV II, LLC (the "Creditor"), and states as follows:

        1.      The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on January 20, 2026.

        2.      The Debtor's Plan has not yet been confirmed.

3.    On March 31, 2026, the Creditor filed Proof of Claim No. 1 claiming a secured debt in the amount of $79,968.48.

4.    Creditor states that the basis of its claim is for an "option purchase agreement" and perfected by a recorded mortgage.

5.    The Creditor's claim additionally indicates the full amount of the debt, $79,968.48, is necessary to cure a pre-petition default.

6.    The Debtor does not dispute the claimed amount of the debt, nor the fact that the Creditor has a mortgage that would survive the Debtor's discharge, however the Debtor disputes that there were any pre-petition arrearages or defaults occurring prior to the Debtor's Chapter 13 filing.

7.    The Debtor asserts that the Creditor's claim should be allowed but receive no distributions under the Debtor's confirmed plan.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order granting the Debtor's objection to Claim No. 1 and allow the claim, but order that no distribution be made to the creditor pursuant to the Debtor's Chapter 13 Plan.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing Objection to Claim has been furnished by United States Mail delivery or Electronically to Kelly Remick, Trustee, P.O. Box 89948, Tampa, FL  33689, the Assistant United States Trustee, Timberlake Annex, 501 East Polk Street, Suite 1200, Tampa, FL 33602, Hometap HEI Fund IV SPV II, LLC, Thomas L. Henderson – Hinshaw & Culbertson, 16102 Chagrin Boulevard, Suite 112, Shaker Heights, OH 44120, Hometap Equity Partners, LLC, Attn: Anaxet Jones, VP, Legal, 361 Newbury Street, 5th Floor, Boston, MA 02115, and Hometap HEI Fund IV SPV II, LLC, Attn: President, 361 Newbury Street, 5th Floor, Boston, MA 02115 on this __7__ day of April, 2026.

Charles G. Moore, Esq.
**CHARLES G. MOORE, P.A.**
1700 - 66th Street North, Suite 405
St. Petersburg, FL  33710
Phone: (727) 381-8080 / Fax: (727) 381-0234
E-Service: CGMPA1@AOL.COM
Attorney for Debtor

*All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.